IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SEAN WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-4155-CV-C-SOW |
| ) | |
| ANN CHAMBERS, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Sean Wright, an inmate confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Fulton State Hospital personnel, Ann Chambers, John Lyskowski, July Cochel and Raschelle Berkner.

Plaintiff claims defendants denied him the right to send money out of his account to his brother to buy tools. Plaintiff states defendants denied his request because a $25.00 limit was placed on his ability to send "gifts" from his account.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute,

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Plaintiff's claims should be dismissed. As stated in Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996), "[a]lthough the inmates' private interest in their personal funds is apparent, inmates are not entitled to complete control over their money while in prison. See Foster v. Hughes, 979 F.2d 130 (8th Cir. 1992) (inmates do not have a constitutional right to place their money in interest-bearing accounts); Blankenship v. Gunter, 898 F.2d 625 (8th Cir. 1990) (inmates can be constitutionally prohibited from using money in their prison accounts for religious donations))."

On August 4, 2009, plaintiff filed a motion for appointment of counsel. It is the practice of this court to provisionally file complaints with requests for leave to proceed in forma pauperis. If the plaintiff is not indigent, or the complaint is frivolous, malicious or fails to state a claim for relief, in forma pauperis status may be denied. It is also the practice of this court not to appoint counsel for plaintiffs until in forma pauperis status has been granted. Then, counsel is appointed only when, in the court's discretion, it is appropriate.

THEREFORE, IT IS ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [3] It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted. [2]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the

specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15th day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3