IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SEAN WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) No. 09-4155-CV-C-SOW |
| ANN CHAMBERS, et al., | ) |
| Defendants. | ) |

## ORDER

On September 15, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

A de novo review of the record, including the exceptions filed by plaintiff on October 13, 2009, convinces the court that the recommendation of the Magistrate Judge is correct and should be adopted. In his complaint, plaintiff alleges he has been denied access to the money in his patient account to the extent that he has been prohibited from sending more than $25.00 to family members for the purchase of tools. Plaintiff challenges the recommendation on the basis that he is not a prisoner, and the cases cited by the Magistrate Judge relate to prisoners.

Notwithstanding those cases, plaintiff is basically asserting a property right and the denial of due process. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss or wrongful deprivation of property, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Accordingly, plaintiff has not set forth facts stating a federal claim under the Due Process Clause for the deprivation of his money, and his claim is dismissed.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of September 15, 2009, is adopted. [6] It is further

ORDERED that plaintiff is denied leave to proceed in forma pauperis and his claims are dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted. [2]

/s/ Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

DATED: December 11, 2009